IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTHUR HAGEN,  )
  )
          Plaintiff,  )
  )
v.  )   No. 05 C 816
  )
VILLAGE OF EVERGREEN PARK,  )
ILLINOIS, et al.,  )
  )
          Defendants.  )

## MEMORANDUM OPINION AND ORDER

Federal pleading is, or should be, deserving of thoughtful care and attention as an integral part of federal practice. All too often, though, lawyers approach that aspect of the practice with an unjustified degree of indifference (or worse). What has been tendered here by way of Answers and Affirmative Defenses ("ADs") on behalf of codefendants Village of Evergreen Park ("Village") and its police officer Victor Watts ("Watts") to the Complaint brought against them by Arthur Hagen ("Hagen") unfortunately exemplifies the latter approach.

Before this opinion turns to the substantive deficiencies in those two pleadings, a few words should be said about the fact that there <u>are</u> two of them. Where as here the same lawyers and law firm represent both defendants, no useful purpose is served by such duplicate filing. Even apart from the wastefulness involved, and from the obvious burden thrust on opposing counsel and this Court in having to wade through two 18-page documents instead of one, the two separate responses obscure useful

information as to the respects in which the codefendants are on the same page and any areas in which they part company. So when defense counsel return to the drawing board to cure the substantive problems described in this opinion, only a single Amended Answer and ADs will be acceptable.[1]

Another minor annoyance, which would not call for repleading if it were the only flaw involved, is the Answers' inclusion of meaningless demands for "strict proof," whatever that may be (Answers ¶¶1, 2 (Watts only), 6 and 7[2])--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). Those pointless demands should disappear from the renewed pleading called for here.

Next, some of the Answers plainly depart from the mandate of the first sentence of Rule 8(b) by declining to answer certain allegations on the ground that they state "legal conclusions"

---

[1] In that respect, the first sentence of Fed. R. Civ. P. ("Rule") 8(b) does not make it entirely clear whether a party defendant may decline to answer some allegations in a multidefendant case on the ground that he, she or it is not the target of those allegations. Among other things, that practice can sometimes create an inadvertent gap, as for example where a later count in a complaint incorporates by reference certain paragraphs from an earlier count (a common practice) and a defendant in turn incorporates the corresponding paragraphs from the answer--but some of those paragraphs have not been answered at all. In any event, it is expected that the joint Amended Answer will eschew any such declinations to answer as are contained in the present Answers.

[2] Except as otherwise indicated, all references to paragraphs of the Answers and to the ADs will refer to both defendants' pleadings.

(Answer ¶2 (Village only), Answers ¶15 to each of Complaint Counts II, III and IV, and Answer to Complaint Count V ¶15 (Village only))--see App. ¶2 to State Farm.[3] Next time around both defendants must respond to <u>all</u> of the Complaint's allegations.

To this point this opinion has dealt with aspects of the Answers that are at odds with Rule 8(b). But even more importantly, numerous aspects of the Answers are also problematic in substantive terms:

    1. Answers ¶9 dodge the question whether Watts said what the Complaint ascribes to him. If not, the Amended Answer should set out Watts' version.

    2. Answers ¶11 leave it unclear whether Watts claims to have searched Hagen's bag with--rather than without--his consent.

    3. Answers ¶12 are unresponsive to Hagen's allegations about Watts' conduct, resorting instead to the euphemism of "a safety pat down." What, pray tell, does that involve?

---

[3] Apart from the wrongfulness of that position, this Court is at a loss to understand how that contention can be advanced in one defendant's response but not in the other's, where the identical allegation is simply answered. Lest this Court be charged with like inconsistency if it turns out to have missed referring to any paragraphs in defendants' pleadings that share any of the defects identified in this opinion, it can only say that it has contented itself with a quick run-through of the two pleadings--after all, this trip should not have been necessary in the first place.

3

4. As with Answers ¶9, Answers ¶14 are unresponsive to whether Hagen has correctly stated the language employed by the owner of the grocery store.

5. Leaving aside defendants' permissible denials of having violated Hagen's constitutional rights (permissible, that is, if they did not in fact do so), how can they deny in good conscience that Hagen "was humiliated, suffered severe emotional distress [and] was held up to ridicule in front of other persons within his community," by the incident he describes, as he has alleged in Complaint Count I ¶17, Count II ¶17, Count III ¶18 and Count IV ¶18, as well as a related allegation in Count V ¶19? That flat denial of the effects suffered by Hagen surely cannot be made in the objective good faith demanded of every litigant and every lawyer by Rule 11.

6. In like fashion, how can Village in good conscience deny the allegations in the first two sentences of Complaint Count IV ¶16, or can Watts deny the first portion of the allegations in Complaint Count V ¶18?

As stated in n. 3, what has been said to this point may well have missed some other instances of the mistakes referred to up to this point--and if so, it is defense counsel's responsibility to make sure that they clean up their act entirely. But to turn to the laundry list of ADs, they too miss the mark in a number of

respects--in that regard, counsel must take a fresh look at Rule 8(c) and its underlying caselaw (and should see as well App. ¶5 to State Farm). In particular:

1. To begin with, AD 1 seeks to invoke Rule 12(b)(6)--not Rule 8(c)--on the premise that the Complaint "fails to state claims upon which relief could be granted." Leaving aside the notion that Rule 12(b)(6) plays a different role from that occupied by Rule 8(c), the contention in AD 1 is not well taken. When all of Hagen's allegations together with reasonable inferences therefrom are taken as gospel, as is required for such purposes, Hagen stays in court on his claims. AD 1 is accordingly stricken.

2. Village's AD 2 is inconsistent with the allegations of Complaint ¶4 and is therefore inappropriately advanced as an AD. It too is stricken.

3. Each defendant's AD 3, Watts' AD 4 and Village's AD 9 are also totally at odds with Hagen's allegations and are similarly improper. They are stricken as well.

4. Various of the ADs that relate to Hagen's common law claims and that refer to provisions of 745 ILCS 10/ reflect defendants' perspective on the incident at issue, rather than Hagen's (as is required of an AD). Hence defense counsel are expected to take a hard look at those ADs (Village's ADs 4 through 8 and Watts' ADs 5 through 9)

the next time around, retaining only those that are consistent with Rule 8(c) and its underlying caselaw.

5. It does not appear, either consistently with the general principles applicable to ADs or given the nature of the incident involved, that either defendant can properly say that Hagen's "own fault was the proximate cause of this occurrence" (Village's AD 12 and Watts' AD 10). There may be more to this than meets the eye, but if not the advancement of such a boilerplate assertion could well be sanctionable.

6. Apart from the misspelling of "principle" in Village's AD 13 and Watts' AD 11, it is also extraordinarily difficult to understand how mitigation of damages could enter the picture here. That too will remain to be seen if defense counsel were to persist with any such AD.

This Court regrets the need to have gone on at such length, but any practitioner in the federal court system ought to know better than to generate the kind of work product that has been dealt with here. It can only be hoped that a single instance such as this will have the desired effect of assuring more attentiveness on counsel's part in the future--this Court will not impose any such further embarrassment on counsel as, for example, requiring that a copy of this opinion be provided to the client Village. But because it would be unfair to burden the

client with the added expense incurred in correcting counsel's errors, no charge is to be made to Village or Watts by counsel in that respect.

Finally, as indicated earlier, both of the present Answers and ADs are stricken, with leave being granted to file a single self-contained Amended Answer and ADs in this Court's chambers (with a copy transmitted contemporaneously to Hagen's counsel) on or before April 29, 2005. This Court retains the previously-scheduled status hearing date of 9 a.m. June 15, 2005.

                                               _/s/ Milton I. Shadur_
                                               Milton I. Shadur
                                               Senior United States District Judge

Date:  April 12, 2005